3:12-cv-03188-CSB-EIL    # 24    Page 1 of 15

**E-FILED**
    Friday, 01 November, 2013  10:42:46 AM
    Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| CENTRAL LABORERS' PENSION, WELFARE, AND ANNUITY FUNDS ET AL., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) ) | No. 12-3188 |
| MIDWEST UNDERGROUND, INC., an Illinois Corporation, WILLIAM MURPHY, Individually, and MICHAEL MURPHY, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

    This cause is before the Court on Defendant Midwest Underground, Inc.'s ("Midwest") Motion to Dismiss or Sever Counts II and III of Plaintiffs' Complaint (d/e 10), Defendant Michael D. Murphy's Motion to Dismiss or Sever Count IV of Plaintiffs' Complaint (d/e 16), and Defendant William Murphy's Motion to Dismiss or Sever Count IV of Plaintiff's Complaint (d/e 20). Defendants Midwest's, William Murphy's, and Michael Murphy's Motions to Dismiss Counts II through IV for lack of standing or grounds to enforce the 2007 Judgment (d/e 10, 16, 20) are GRANTED without prejudice. Plaintiffs are given leave to file an amended

complaint clarifying the relief sought by each named Plaintiff.  Plaintiffs SHALL file the amended complaint on or before November 15, 2013.  Furthermore, the Court DENIES Defendants' Motions to Sever Counts II through IV (d/e 10, 16, 20) because litigating all claims in this action with all Plaintiffs joined promotes efficiency in light of the relationship between Count I and Counts II through IV.

### I. BACKGROUND

On July 17, 2012, Plaintiffs filed a four-count Complaint against Defendants seeking employer contributions or payments allegedly owed to Plaintiffs pursuant to Section 301 of the Labor Management Relations Act, as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132 and 1145).

Count I is a claim against Defendant Midwest for delinquent contributions and liquidated damages for the period October 2011 through January 2012.  Plaintiffs seek delinquent contributions and liquidated damages from Midwest totaling $83,932.20.

Counts II through IV are based on a judgment Plaintiffs obtained in this Court on February 22, 2007 against Murphy Bros., Inc., in Case No. 04-3048, in the amount $153,980.61.  Plaintiffs have not collected on the

judgment as Murphy Bros., Inc., ceased operations in March 2004 and was administratively dissolved on May 1, 2006.

Count II of the Complaint alleges a successor liability claim against Defendant Midwest for the contributions owed by Murphy Bros., Inc., to Plaintiffs. Count III alleges an alter ego liability claim against Defendant Midwest for those same contributions owed by Murphy Bros., Inc., to Plaintiffs. Count IV alleges a piercing the corporate veil claim and seeks to hold Defendants William and Michael Murphy liable for the 2007 judgment against Murphy Bros., Inc.

In support of Counts II through IV, Plaintiffs allege that Defendant Midwest uses the same business address that Murphy Bros., Inc., used and, like Murphy Bros., Inc., Midwest is a pipeline contractor. Additionally, Defendants Michael and William Murphy were the sole shareholders of Murphy Bros., Inc., and paid for personal expenses with Murphy Bros., Inc., funds. Defendant Michael Murphy provided the capital for Midwest's startup, and three officers of Murphy Bros., Inc., are now officers of Midwest.

On September 9, 2012, Defendant Midwest filed a Motion to Dismiss or Sever Counts II and III of Plaintiffs' Complaint. Defendant Midwest argues that Counts II and III of Plaintiffs' Complaint should be dismissed

as time barred and because not all of the Plaintiffs in this action have standing or grounds to enforce the 2007 judgment. In the alternative, Defendant Midwest seeks severance of Counts II and III from Count I.

On November 19, 2012 and January 31, 2013 respectively, Defendants Michael and William Murphy filed Motions to Dismiss or Sever Count IV of Plaintiff's Complaint. Defendants Michael and William Murphy argue that Count IV should be dismissed as untimely, for failure to state a claim, and because not all of the named Plaintiffs have standing or grounds to enforce the 2007 judgment. Alternatively, Defendants Michael and William Murphy seek severance of Count IV.

## II. JURISDICTION AND VENUE

This Court has exclusive jurisdiction over this civil action brought under ERISA pursuant to 29 U.S.C. § 1132(e)(1). Venue is proper under 29 U.S.C. § 1132(e)(2) because the pension plan is administered in this judicial district .

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) challenges a complaint for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6). At this stage, the court accepts as true all well-pleaded facts in the plaintiff's complaint and draws all reasonable inferences from those facts in

the plaintiff's favor. Dixon v. Page, 291 F.3d 485, 486 (7th Cir. 2002). To survive a Rule 12(b)(6) motion, the complaint must provide the defendant with fair notice of the claims' bases and establish a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

## IV.   ANALYSIS

Plaintiffs have filed Responses (d/e 12, 17, 22, 23) to Defendants' Motions to Dismiss or Sever Counts II through IV of Plaintiffs' Complaint. Plaintiffs argue that none of these claims are time barred and that filing an amended complaint will clarify which Plaintiffs seek relief from which Defendants. Plaintiffs also argue that they have stated claims upon which relief can be granted against Defendants Michael and William Murphy and that litigating Counts I through IV in a single action with all Plaintiffs joined promotes efficiency.

**A.   Plaintiffs' Claims in Counts II through IV Are Not Time Barred Because Plaintiffs Have Seven Years to File a Claim to Enforce the February 22, 2007 Judgment Against Murphy Bros., Inc.**

Defendants first argue that the claims in Counts II through IV are time barred. In response, Plaintiffs assert that in ERISA and LMRA cases brought by pension funds to recover delinquent contributions, the Seventh Circuit uses Illinois's ten-year statute of limitations applicable to cases

involving written contracts.  Plaintiffs further assert that the claims in Counts II through IV are timely based on the application of this ten-year statute of limitations.  Notably, Plaintiffs do not develop an argument regarding when the claims in Counts II through IV accrued for purposes of applying the ten-year statute of limitations.

ERISA does not contain a statute of limitations for suits brought to recover unpaid contributions.  Cent. States v. Jordan, 873 F.2d 149, 152 (7th Cir. 1989).  In the absence of a governing federal provision, "the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."  Wilson v. Garcia, 471 U.S. 261, 266-67, 105 S.Ct. 1938, 1941-42, 85 L.Ed.2d 254 (1985).

Generally, as Plaintiffs assert, Illinois's ten-year statute of limitations applies in these pension fund cases because the delinquent contributions claims arise out of written agreements between the pension funds and employers.  See Central Laborers' Pension v. Parkland Environmental Group, Inc., 2013 WL 5658842, at *6 (C.D. Ill. 2013) (citing Jordan, 873 F.2d at 154) (explaining that the Seventh Circuit applies Illinois's ten-year statute of limitations for written contracts in actions by fund trustees to collect delinquent employer contributions owed to a multiemployer benefit fund)).  However, with respect to Counts II through IV, Plaintiffs have

already sought and obtained a judgment for the delinquent contributions owed to Plaintiffs by Murphy Bros., Inc. Therefore, Plaintiffs are not pursuing delinquent contributions pursuant to a written contract. Instead, in Counts II through IV, Plaintiffs are pursuing delinquent contributions by enforcing the judgment against Murphy Bros., Inc.

In Illinois, a seven-year statute of limitations applies for the enforcement of judgments from the date judgment is entered. 735 ILCS 5/12-108(a). But where other applicable Illinois statutes require a different limitations period, the different period applies. See Peetoom v. Swanson, 778 N.E.2d 291, 295 (Ill. App. 2002) (holding that the five-year statute of limitations governing collection of obligations of dissolved corporations, not the two-year statute for personal injury, or seven-year statute for enforcing judgments, applied to injured pedestrian's collection action against shareholders and directors of the dissolved corporation).

Defendants note that Murphy Bros., Inc., was dissolved on May 1, 2006. Defendants also note that the Illinois Business Corporation Act of 1983 requires actions against dissolved corporations to be brought within five-years after the date of dissolution. 805 ILCS 5/12.80. Defendants contend that the five-year rather than the seven-year statute of limitations

applies here and that Plaintiffs have failed to file the claims in Counts II through IV within five years of Murphy Bros., Inc.'s, dissolution.

Despite Defendants' argument, the application of a state statute of limitations to a federal cause of action is ultimately a question of federal law. <u>International Union, United Automobile, Aerospace & Agricultural Implement Workers of America (UAW) v. Hoosier Cardinal Corp.</u>, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Furthermore, the decisions of the Illinois courts regarding the applicability of the statutes of limitations for dissolution of a corporation and enforcing a judgment are helpful but not binding, for they do not take into consideration the national interests at stake. <u>Occidental Life Ins. Co. v. EEOC</u>, 432 U.S. 355, 367, 97 S.Ct. 2447, 2455, 53 L.Ed.2d 402 (1977) (affirming appellate court's holding that state statute of limitations that otherwise prevented the EEOC from bringing a lawsuit for violation of Title VII was inconsistent with the underlying policies of the federal statute).

Here, as a matter of federal policy, the longer seven-year statute of limitations applies because Plaintiffs' claims are for vested pension benefits that have allegedly become due to them over a period of years. To reduce the time period for claims by applying the five-year statute of limitations flies in the face of ERISA's underlying purpose of "contribut[ing] to the

stability of pension funds and . . . encourage[ing] employers to meet their obligations." Jordan, 873 F.2d at 154.

With this in mind, the judgment against Murphy Bros., Inc., was entered by this Court on February 22, 2007. On July 17, 2012, Plaintiffs' filed the instant Complaint that includes claims in Counts II through IV to enforce that 2007 judgment. Plaintiffs clearly sought enforcement of the 2007 judgment within seven years. Therefore, the claims in Counts II through IV against Defendants Midwest and William and Michael Murphy are not time barred.

**B.     Plaintiffs May Proceed on Count IV in Their Attempt to Pierce the Corporate Veil and Hold Defendant Shareholders Michael and William Murphy Liable for the Judgment Debt Owed By Murphy Bros., Inc.**

Defendants Michael and William Murphy argue that Count IV should be dismissed. Specifically, Defendants note that the doctrine of piercing the corporate veil is an equitable remedy that acts as a means of imposing liability on an underlying cause of action such as a tort or breach of contract. Defendants contend that Plaintiffs' Complaint fails to assert an underlying tort, breach of contract, or other cognizable cause of action against Defendants Michael and William Murphy. In the absence of such a cause of action, Defendants assert that Count IV fails to state a claim upon which relief can be granted.

Veil-piercing is an equitable remedy governed by state law, here the law of Illinois because that is where Murphy Bros., Inc., was incorporated. Laborers' Pension Fund v. Lay-Com, Inc., 580 F.3d 602, 610 (7th Cir. 2009) (applying Illinois veil-piercing law in ERISA action for unpaid contributions after initial defendants became judgment proof and plaintiffs sought to hold other closely related entities and individuals liable). Under Illinois law, the judgment creditor may file a new action to pierce the corporate veil to hold individual shareholders and directors personally liable for the judgment of the corporation. See, e.g., Miner v. Fashion Enterprises, Inc., 794 N.E.2d 902, 911-12 (Ill. App. 2003) (finding that the new action is proper because a judgment is a new and distinct obligation of the corporation which differs in nature and essence from the original claim).

Here, Plaintiffs obtained a judgment against Murphy Bros., Inc., on February 22, 2007. Plaintiffs have now filed an action against the sole shareholders of Murphy Bros., Inc., Defendants William and Michael Murphy, to hold the shareholders liable for the unpaid judgment. This action to hold the shareholders personally liable for the judgment of the corporation is appropriate.

### C. Plaintiffs Shall File an Amended Complaint Clarifying Which Plaintiffs Seek What Relief from Defendants Midwest and William and Michael Murphy

Defendants Midwest and William and Michael Murphy also move for dismissal of Counts II through IV because not all of the named Plaintiffs in this action were named plaintiffs in Case No. 04-3048 that resulted in the 2007 judgment. Defendants assert that the current Plaintiffs not named in Case No. 04-3048 have no standing or grounds to enforce the 2007 judgment in Counts II through IV.

Plaintiffs seek to remedy the issues raised by Defendants by filing an amended complaint clarifying which Plaintiffs seek enforcement of the 2007 judgment against Murphy Bros., Inc., in Counts II through IV of the Complaint and which Plaintiffs seek relief from Midwest in Count I. Plaintiffs also state that Case No. 04-3048 included plaintiffs not named in this action. Plaintiffs request leave to file an amended complaint that includes the plaintiffs from the previous lawsuit not named in this action.

Based on Defendants' arguments and Plaintiffs' response, Defendants' Motion to Dismiss for lack of standing or grounds to enforce the 2007 judgment is granted without prejudice because the Complaint does not clearly indicate which Plaintiffs seek relief in Count I and which Plaintiffs seek to enforce the 2007 judgment in Counts II through IV.

Plaintiffs are given leave to file an amended complaint naming the additional plaintiffs from Case No. 04-3048 and clarifying which Plaintiffs seek enforcement of the 2007 judgment against Defendants in Counts II through IV of the Complaint and which Plaintiffs seek relief from Midwest in Count I.  See Fed.R.Civ.P. 15(a)(2) (stating that courts should give leave to amend a pleading when justice so requires).  Adding the additional plaintiffs from the previous lawsuit does not prejudice Defendants because Defendants already know the plaintiffs who obtained the 2007 judgment against Murphy Bros., Inc.  Additionally, adding these plaintiffs does not change the nature or number of claims that Defendants must litigate against.

**D.     Litigating the Claims in Counts I through IV in One Action with All Plaintiffs Joined Promotes Efficiency**

Finally, Defendants Midwest and William and Michael Murphy assert that the claim in Count I against Midwest for delinquent contributions for the period October 2011 through January 2012 has no relationship to the claims in Counts II through IV that seek to enforce the 2007 judgment against Murphy, Bros., Inc.  Because no relationship exists, Defendants assert that joinder of all of the Plaintiffs in one action is inappropriate.  As a result, Defendants move to sever Counts II through IV so that the plaintiffs

named in Case No. 04-3048 are the only plaintiffs named in an action to enforce the 2007 judgment.

However, Defendants' claims that no relationship exists between Count I and Counts II through IV are contradicted by the well-pleaded allegations in Plaintiffs' Complaint. Specifically, the claims in Counts I through IV involve unpaid contributions owed to Plaintiffs by Defendant Midwest and Midwest's corporate predecessor, Murphy Bros., Inc. The Complaint alleges that Midwest is merely a continuation of Murphy Bros., Inc., and that Midwest was created to avoid Murphy Bros., Inc.'s, corporate liabilities. Clearly, the corporate entities at issue in Counts I through IV share a relationship that may be borne out through discovery.

Furthermore, because of the alleged relationship between Murphy Bros., Inc. and Midwest, Defendants William and Michael Murphy, the sole shareholders of Murphy Bros., Inc., may have knowledge about Count I as well as Counts II through IV. Consequently, litigating Counts I through IV in the same action with all Plaintiffs joined furthers efficiency because all of the named Defendants are allegedly related and the evidence and testimony relating to each claim may overlap. See Fed.R.Civ.P. 20(a)(1) (stating that plaintiffs may join in one action if "they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same

transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all plaintiffs will arise in the action").

## V. CONCLUSION

**Defendants Midwest's, William Murphy's, and Michael Murphy's Motions to Dismiss Counts II through IV for lack of standing or grounds to enforce the 2007 Judgment (d/e 10, 16, 20) are GRANTED without prejudice. Plaintiffs are given leave to file an amended complaint that clarifies the relief sought by each named Plaintiff. If Plaintiffs file an amended complaint, Plaintiffs may add the plaintiffs from Case No. 04-3048 not named in the Original Complaint. Plaintiffs SHALL file the amended complaint on or before November 15, 2013. Furthermore, the Court DENIES Defendants' Motions to Sever Counts II through IV (d/e 10, 16, 20) because litigating all claims in this action with all Plaintiffs joined promotes efficiency in light of the relationship between Count I and Counts II through IV.**

IT IS SO ORDERED.

ENTER: November 1, 2013

FOR THE COURT:   s/ Sue E. Myerscough
                 SUE E. MYERSCOUGH

UNITED STATES DISTRICT JUDGE